(43 Misc. Rep. 112.)

COON v. SMITH et al.

(Supreme Court, Trial Term, Columbia County. March, 1904.)

1. MORTGAGES—CONVEYANCE OF PREMISES TO MORTGAGEE—MERGER—CONSTRUCTION OF MORTGAGE.

Where a mortgagor of realty conveyed premises to the mortgagee, the deed providing that the mortgage was not to be considered as merged in the title, but was "to be held as protection to title," the provision should be construed as intended only to protect the grantee against such liens or charges on the title as intervened between the time of the execution of the mortgage to him and the time of the execution of the deed, and it cannot prevent a merger of the mortgage in the fee where there were no such liens.

¶ 1. See Mortgages, vol. 35, Cent. Dig. §§ 819, 821, 825.

**2. SAME—DEVISE—FORECLOSURE OF MORTGAGE.**

A mortgagor conveyed mortgaged premises to the mortgagee, who died and devised the property to certain persons, subject to testatrix's debts and funeral expenses. The deed provided that the mortgage was not to be considered as merged in the title, but was to be held as protection to title. *Held*, that testatrix's executrix, succeeding to no greater rights in the mortgage than the testatrix had in it when she died, could not foreclose the mortgage to get money to pay debts, since the effect of the foreclosure would be to defeat the devise.

Action by Frances A. Coon, as executrix, etc., against Charles J. Smith and others. Complaint dismissed.

This is an action to foreclose a mortgage for the sum of $3,300, executed by defendants Rufus P. Smith and wife, to Julia A. Smith, the plaintiff's testatrix, on the 31st day of March, 1883, on a farm situated in the town of Ancram, N. Y. On the 15th day of April, 1898, the mortgagors conveyed said mortgaged premises to the mortgagee, who thereupon took full possession thereof, and remained in possession until her death. By the deed of conveyance from the mortgagors to the mortgagee, it was provided that "said mortgage was not to be considered as merged in that title, but was to be held as protection to title." Julia A. Smith, such mortgagee and grantee, died in January, 1902, leaving a last will and testament, whereby she devised said real estate to the said plaintiff, Frances A. Coon, and the defendant Mary C. Williams, as trustees, in trust for the care, support, and maintenance of the defendant Milton H. Smith during his lifetime, the remainder thereof to go to the plaintiff and the defendants Charles J. Smith, Rufus P. Smith, and Mary C. Williams; but this devise was made subject to the liens and charges thereon of the debts and funeral expenses of the said Julia A. Smith. It is claimed by the plaintiff that there are debts and funeral expenses which are liens and charges upon such real estate. The plaintiff, as one of the executrices of the will of said Julia A. Smith, deceased, brings this action to foreclose said mortgage. The defendants Charles J. Smith and others, devisees under the will of said deceased, defend the action on the ground that there has been a merger of the mortgage, and that the same has ceased to be a lien on such real estate.

Edward F. McCormick, for plaintiff.
Cadman & Peck, for defendants.

COCHRANE, J. · The general rule is that, where the title to the land and the ownership of the mortgage debt become vested in the same person, the mortgage is thereby merged and extinguished. Thomas, Mort. (2d Ed.) 257.

It is also a well-settled rule that, when a greater and a less estate meet in the same person, equity will preserve them distinct, provided there is an express or implied intent to do so, and justice requires it. Spencer v. Ayrault, 10 N. Y. 204; Smith v. Roberts, 91 N. Y. 475; Sheldon v. Edwards, 35 N. Y. 279, 285.

In Clift v. White, 12 N. Y. 536, it is said, in reference to this subject:

"That the question is upon the intention, actual or presumed, of the person in whom the interest is united. That, if it be perfectly indifferent to the party whether the charge should or should not subsist, it sinks."

The intention of Julia A. Smith, the mortgagee and grantee, is expressed in the instrument of conveyance to her of the mortgaged premises. It was therein stated that the mortgage was not to be considered as merged, but such intention was, nevertheless, qualified by the further statement that the mortgage "was to be held as protection to title." I think the "title" thus referred to meant the title as it existed at the

time of the conveyance, and which was then the subject of consideration. The purpose of this provision in the deed was to protect the grantee against any liens or charges on the title which might have intervened intermediate the execution of her mortgage and the deed of conveyance to her of such mortgaged premises. It is conceded that there are no such liens. The clause in the deed under consideration, that the mortgage was to be held as protection to title, adds nothing and is meaningless, unless it is a qualification or limitation of the general statement that the mortgage was not to be considered as merged. The plaintiff seeks to construe the entire provision as if the last clause had not been used. The entire provision must be so construed, if possible, as to give effect and meaning to each part thereof. This can only be done by limiting the provision against the merger to the protection of the title as it then existed.

We must attribute to the parties to the conveyance a fair and honest purpose. It is by no means probable that Mrs. Smith intended to hold the mortgage as a "protection" against her own subseque t acts. Suppose, for instance, that she had subsequently executed a mortgage or a deed of said premises, either with or without covenants; could it be reasonably claimed that she could have enforced this mortgage in question as against her subsequent mortgagee or grantee? In Starr v. Ellis, 6 Johns. Ch. 395, 397, Chancellor Kent, in speaking on this question, said:

"A court of equity will keep an incumbrance alive, or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the party. It must, at all events, be an innocent purpose, and injurious to no one. * * * It [the mortgage] could not be of any use but a mischievous one as against subsequent purchasers or incumbrances, and for such a purpose the merger is not to be prevented."

The construction contended for by the plaintiff would make the merger clause in the deed not merely a protection to title, but a weapon in the hands of the grantee as against her own subsequent acts. The plaintiff in this action takes no greater right to the mortgage in question than her testatrix had during her lifetime. And if the latter could not enforce the mortgage against those claiming under her, the plaintiff cannot enforce it against these devisees who have succeeded to the title under the will of the deceased. It may also be observed that, if this action can prevail, a judgment of deficiency may also be recovered against the maker of the bond.

Moreover, there is positive indication that the testatrix did not intend that the mortgage should be enforced as against these devisees. It is stated in the brief of the learned counsel for the plaintiff that the conveyance in question was for the sum of $1. The inference from this is that the equity of redemption in the premises was valueless, and that the only consideration for the conveyance was the mortgage then on the property. If the plaintiff's theory is correct, that this mortgage is in force for the purpose of this action, we must ascribe to the testatrix the inconsistent and unreasonable purpose of devising merely a naked title which she intended should be cut off by such an action as this. This action will completely defeat the devise in question. The theory of an intention on her part to keep alive the mortgage is inconsistent

with her last-declared intention of creating a devise which would be destroyed by such mortgage, if plaintiff's theory is correct.

Complaint dismissed, with costs.